UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 18-20983-CIV-MARTINEZ-OTAOZ-REYES

GUO WENGUI, also known as MILES KWOK,

    Plaintiff,
vs.

ROGER J. STONE,

    Defendant.
_____/

**ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
AND AFFIRMATIVE DEFENSES**

Pursuant to Federal Rule of Civil Procedure 7(a)(2), Defendant Roger J. Stone files his Answer to Plaintiff's Amended Complaint and Affirmative Defenses and states as follows:

**NATURE OF THE ACTION**

1. Admitted that Stone has appeared on InfoWars.com, otherwise denied.

2. Denied.

**PARTIES**

3. Defendant has no knowledge of Plaintiff Guo's citizenship status and that is therefore denied. Defendant admits Plaintiff Guo resides in New York for jurisdictional purposes only. Defendant admits Plaintiff Guo goes by the anglicized name "Miles Kwok." Remainder of paragraph is without knowledge and therefore denied.

4. Admitted that Defendant is a United States citizen who resides in Fort Lauderdale, Florida. Admitted that Stone has appeared on InfoWars.com, otherwise denied.

**JURISDICTION AND VENUE**

5. Admitted.

6. Admitted citizenship status for jurisdictional purposes only. Denied that the Plaintiff has suffered any damages.

7. Admitted.

## FACTS

**A.   Plaintiff Guo's Background**

8. Without knowledge and therefore denied.

9. Without knowledge and therefore denied.

10. Without knowledge and therefore denied.

11. Without knowledge and therefore denied.

12. Without knowledge and therefore denied.

13. Without knowledge and therefore denied.

14. Without knowledge and therefore denied.

**B.   Stone's False Statements**

15. Admitted Defendant has appeared on InfoWars.com, otherwise denied.

16. Admitted Defendant has appeared on InfoWars.com; admitted he has mentioned Pompeo, Clinton, Bannon, Soros, McMaster, otherwise denied.

17. Denied.

18. Denied.

19. Denied.

20. Without knowledge and therefore denied.

21. Denied.

22. Denied.

23. Unknown and therefore denied.

24. Without knowledge and therefore denied.

2

25. Denied.

26. Denied.

## COUNT I - Defamation per se

27. Defendant incorporates by reference his answers to paragraphs 1-26 as if fully set forth herein.

28. Defendant denies the allegations in this paragraph.

29. Defendant denies the allegations in this paragraph.

30. Without knowledge and therefore denied.

31. Defendant denies the allegations in this paragraph and further denies that Plaintiff is entitled to any relief in this action.

## COUNT II - Defamation

32. Defendant incorporates by reference his answers to paragraphs 1-31 as if fully set forth herein.

33. Defendant denies the allegations in this paragraph.

34. Defendant denies the allegations in this paragraph.

35. Defendant denies the allegations in this paragraph.

36. Without knowledge and therefore denied.

37. Defendant denies the allegations in this paragraph and further denies that Plaintiff is entitled to any relief in this action.

## REQUEST FOR RELIEF

All allegations not expressly admitted herein are denied.

## DEMAND FOR JURY TRIAL

Plaintiff has demanded a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's causes of action are barred, in whole or in part, because the publication about which Plaintiff complains is privileged and protected by the First Amendment to the United States Constitution, Article I, Section 4 of the Florida constitution and Florida's common law privileges, including but not limited to official reports, fair comment, neutral reports, and the assertion of legal rights in a legally permissible manner.

2.     Plaintiff's causes of actions are barred, in whole or in part, because the publication about which Plaintiff complains, when considered in its entirety as required by applicable law, is not reasonably capable of the false and defamatory interpretation and effect set forth by Plaintiff and did not defame Plaintiff.

3.     Plaintiff's causes of action are barred, in whole or in part, because the publication about which Plaintiff complains, when considered in its entirety as required by applicable law, is not false and defamatory in any material or significant respect and is true or substantially true.

4.     Plaintiff's causes of action are barred, in whole or in part, because the publication about which Plaintiff complains is a matter of public interest, concern and importance.

5.     Plaintiff's causes of actions are barred, in whole or in part, because Plaintiff cannot sustain his burden of proving that the statements at issue were made with the requisite degree of fault to support the alleged causes of action.

6.     Plaintiff's causes of action are barred, in whole or in part, because Defendants reasonably believed the statements were true when made.

7.     Plaintiff's causes of actions are barred, in whole or in part, because Defendant did not publish or intend to publish with actual (constructive) or ill will (express) malice.

8.     Plaintiff's causes of actions are barred, in whole or in part, to the extent the statements upon which he bases his claims constitute statements of opinion, statements that cannot

4

demonstrably be proven true or false, statements that characterize disclosed facts, and/or rhetorical hyperbole.

9. Plaintiff's causes of actions are barred, in whole or in part, because the publication about which Plaintiff complains did not cause Plaintiff to suffer actual injuries and/or damages for which Defendants are liable.

10. Plaintiff's causes of actions are barred, in whole or in part, by his failure to mitigate and/or prevent the damages about which he complains, and any recovery should be reduced in direct proportion to such failure.

Defendants reserve the right to assert additional affirmative defenses as they may become apparent or available.

Respectfully submitted,

          */s/ Bruce S. Rogow*
          BRUCE S. ROGOW
          Fla. Bar No. 067999
          TARA A. CAMPION
          Fla. Bar No. 90944
          **BRUCE S. ROGOW, P.A.**
          100 N.E. 3rd Avenue
          Suite 1000
          Ft. Lauderdale, FL 33301
          Ph:   (954) 767-8909
          Fax:  (954) 764-1530
          brogow@rogowlaw.com
          tcampion@rogowlaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 4, 2018, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record listed in the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

          *Counsel for Plaintiff*

| | |
|---|---|
| BRIAN M. SILVERIO | AARON A. MITCHELL |
| **SILVERIO & HALL, P.A.** | **COHEN & HOWARD LLP** |
| 255 8th Street South | 766 Shrewsbury Ave., Ste. 200 |
| Naples, FL 34102 | Tinton Falls, NJ 07724 |
| Ph: 239-649-1001 | Ph: 973-747-5202 |
| Fax: 239-649-1972 | amitchell@cohenandhoward.com |
| bsilverio@silveriohall.com | |